[No. 56465-0-I. Division One. February 20, 2007.]

*In the Matter of the Detention of* SAMMY WRIGHT, *Appellant.*

---

*Jason B. Saunders and Vanessa Mi-jo Lee (of Washington Appellate Project)*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *David J.W. Hackett, Deputy*, for respondent.

¶1 BECKER, J. — The State successfully petitioned to commit Sammy Wright as a sexually violent predator. Wright contends that to satisfy due process for incarcerated individuals, the State has to prove that sexual reoffense is likely within the reasonably foreseeable future. Our Supreme Court has already rejected this argument. We affirm the order of commitment.

¶2 Sammy Wright has engaged in sexually violent and exploitative behavior throughout his adult life, including an unreported rape of his young niece when he was 18 years old. In 1991, Wright was charged with raping and stabbing his girl friend. He pleaded guilty to assault with sexual motivation and spent 17 months in prison for this crime. After that, Wright pleaded guilty to assault in the second degree with sexual motivation for molesting his six- and seven-year-old nephews. After his release from prison on that offense, Wright sexually abused at least four children, who had been left in his care by his girl friend. For this set of offenses, he was sentenced to five years in prison. The day before his scheduled release, the State petitioned to have Wright committed under the sexually violent predator statute, chapter 71.09 RCW.

¶3 After an eight-day trial, the jury returned a unanimous verdict that Wright should be civilly committed as a sexually violent predator. Wright appeals.

■ ¶4 To satisfy due process, a proceeding to commit an individual indefinitely as a sexually violent predator must include proof that the individual is dangerous to the community. *In re Pers. Restraint of Young*, 122 Wn.2d 1, 31, 857 P.2d 989 (1993). If, on the date the petition is filed, the individual is living in the community after release from custody, the State must prove a recent overt act as part of its proof that the individual is dangerous. RCW 71-.09.060(1); *Young*, 122 Wn.2d at 41. The requirement of proving a recent overt act does not apply when the petition is filed against an individual, such as Wright, who is still incarcerated. *Young*, 122 Wn.2d at 41. With respect to incarcerated individuals, Wright contends that the State should have to prove that there is a substantial risk of dangerous conduct in the "foreseeable future."

¶5 The State responds that the Supreme Court considered and rejected Wright's argument in *Young*. As in Wright's case, the State filed a petition to commit Young as a sexually violent predator while he was still in prison, so the State did not have to present evidence of a recent overt

act. *Young*, 122 Wn.2d at 13. But the State had to prove that Young was both mentally ill and dangerous. *Young*, 122 Wn.2d at 27. In his appellate briefing, Young claimed that the sexually violent predator scheme did not "require constitutionally adequate evidence of dangerousness,"[1] such as a recent overt act. The court refused to adopt a standard requiring proof of a recent overt act by an incarcerated individual, because it would be impossible to meet. *Young*, 122 Wn.2d at 41.

¶6 Young also argued the State should have to prove he was likely to commit another offense within a set time frame:

> The statute imposes *no* outside limits on how long the individual may be considered dangerous and be held. The statute is fatally deficient when it fails to specify *any* time frame within which an expert is to predict the respondent is "likely" to commit another offense.[2]

The court rejected this proposition without directly addressing the argument: "Finally, we have given ample consideration to all of the remaining arguments raised in the personal restraint petitions and on appeal, as well as those advanced by amici, and conclude that they lack merit." *Young*, 122 Wn.2d at 59.

¶7 The Supreme Court has relied on its broad pronouncement rejecting "all of the remaining arguments" to dispose of later cases containing arguments advanced in the briefs in *Young*. *See In re Det. of Turay*, 139 Wn.2d 379, 407-08, 986 P.2d 790 (1999) (court rejected a challenge to a jury instruction because the constitutionality of the instruction had been upheld in *Young*, 122 Wn.2d at 59).

¶8 In *Young*, after considering the same due process challenge that Wright is making, the court concluded "there are no substantive constitutional impediments to the sexually violent predator scheme." *Young*, 122 Wn.2d at 26. As

---

[1] Young's Pers. Restraint Pet. at 17 (Jan. 7, 1991).

[2] Young's Pers. Restraint Pet. at 22 (Jan. 7, 1991).

Wright's due process argument has already been considered and rejected by our Supreme Court, we reject it also.

¶9 Wright also raises an issue concerning a jury instruction on the Fifth Amendment privilege against self-incrimination. At trial, Wright showed a videotape of his deposition. During the deposition, he invoked the Fifth Amendment when questioned about uncharged sexual crimes. The court instructed the jury: "Mr. Wright asserted his Fifth Amendment privilege and refused to testify about certain aspects of his history and other matters. From this, you may draw an inference about what happened in those instances."[3] The court rejected Wright's request to have the second sentence read, "From this, you may, *but need not*, draw an adverse inference with respect to what happened in those instances."[4]

¶10 Wright acknowledges that in civil proceedings, the jury may draw an inference from a defendant's silence. He claims the court erred by refusing to instruct the jury that they "need not" draw an inference.

¶11 The number and specific language of jury instructions is a matter within the trial court's discretion. *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 165, 876 P.2d 435 (1994). "Instructions are sufficient which permit a party to argue that party's theory of the case, are not misleading, and when read as a whole properly inform the trier of fact on the applicable law." *Havens*, 124 Wn.2d at 165. Given this standard, we cannot hold that the instruction as given by the court was error. Even though the variation requested by Wright would likely have also been acceptable, the instruction properly informed the jury of the applicable law. *See Ikeda v. Curtis*, 43 Wn.2d 449, 458, 261 P.2d 684 (1953). The instruction left both parties free to argue their respective theories of the case. The State could ask the jury to infer from Wright's invocation of the Fifth Amendment that

---

[3] Stipulation to Agreed Report of Proceedings (June 27, 2006).

[4] Clerk's Papers at 156 (Resp't's Req. for Alternate Instructions, Apr. 20, 2005) (emphasis added).

he was guilty of the unreported crimes, and Wright could explain to the jury that it need not draw any inference at all from his invocation of the Fifth Amendment.

¶12 Wright initially assigned error to a decision made by the trial court during jury selection. At oral argument, Wright withdrew that assignment of error, and consequently we have not addressed it.

¶13 Affirmed.

COLEMAN and COX, JJ., concur.

Review denied at 162 Wn.2d 1017 (2008).