155 P.3d 945 (2007)
In the Matter of the DETENTION OF Sammy WRIGHT, Petitioner.
No. 56465-0-I.
Court of Appeals of Washington, Division 1.
February 20, 2007.
Publication Ordered April 13, 2007.
Jason Brett Saunders, Washington Appellate Project, Vanessa Mi-jo Lee, Seattle, WA, for Appellants.
Prosecuting Atty King County, King County Pros/App Unit Supervisor, David J.W. Hackett, King County Pros. Office, Seattle, WA, for Respondents.
BECKER, J.
¶1 The State successfully petitioned to commit Sammy Wright as a sexually violent predator. Wright contends that to satisfy due process for incarcerated individuals, the State has to prove that sexual reoffense is *946 likely within the reasonably foreseeable future. Our Supreme Court has already rejected this argument. We affirm the order of commitment.
¶2 Sammy Wright has engaged in sexually violent and exploitative behavior throughout his adult life, including an unreported rape of his young niece when he was 18 years old. In 1991, Wright was charged with raping and stabbing his girlfriend. He pled guilty to assault with sexual motivation and spent 17 months in prison for this crime. After that, Wright pled guilty to assault in the second degree with sexual motivation for molesting his six and seven-year-old nephews. After his release from prison on that offense, Wright sexually abused at least four children who had been left in his care by his girlfriend. For this set of offenses he was sentenced to five years in prison. The day before his scheduled release, the State petitioned to have Wright committed under the sexually violent predator statute, RCW 71.09.
¶3 After an eight-day trial, the jury returned a unanimous verdict that Wright should be civilly committed as a sexually violent predator. Wright appeals.
¶4 To satisfy due process, a proceeding to commit an individual indefinitely as a sexually violent predator must include proof that the individual is dangerous to the community. In re Young, 122 Wash.2d 1, 31, 857 P.2d 989 (1993). If on the date the petition is filed, the individual is living in the community after release from custody, the State must prove a recent overt act as part of its proof that the individual is dangerous. RCW 71.09.060(1); Young, 122 Wash.2d at 41, 857 P.2d 989. The requirement of proving a recent overt act does not apply when the petition is filed against an individual such as Wright who is still incarcerated. Young, 122 Wash.2d at 41, 857 P.2d 989. With respect to incarcerated individuals, Wright contends that the State should have to prove that there is a substantial risk of dangerous conduct in the "foreseeable future."
¶5 The State responds that the Supreme Court considered and rejected Wright's argument in Young. As in Wright's case, the State filed a petition to commit Young as a sexually violent predator while he was still in prison, so the State did not have to present evidence of a recent overt act. Young, 122 Wash.2d at 13, 857 P.2d 989. But the State had to prove that Young was both mentally ill and dangerous. Young, 122 Wash.2d at 27, 857 P.2d 989. In his appellate briefing, Young claimed that the sexually violent predator scheme did not "require constitutionally adequate evidence of dangerousness",[1] such as a recent overt act. The court refused to adopt a standard requiring proof of a recent overt act by an incarcerated individual, because it would be impossible to meet. Young, 122 Wash.2d at 41, 857 P.2d 989.
¶6 Young also argued the State should have to prove he was likely to commit another offense within a set time frame:
The statute imposes no outside limits on how long the individual may be considered dangerous and be held. The statute is fatally deficient when it fails to specify any time frame within which an expert is to predict the respondent is "likely" to commit another offense.[2]
The court rejected this proposition without directly addressing the argument: "Finally, we have given ample consideration to all of the remaining arguments raised in the personal restraint petitions and on appeal, as well as those advanced by amici, and conclude that they lack merit." Young, 122 Wash.2d at 59, 857 P.2d 989.
¶7 The Supreme Court has relied on its broad pronouncement rejecting "all of the remaining arguments" to dispose of later cases containing arguments advanced in the briefs in Young. See In re Turay, 139 Wash.2d 379, 407-408, 986 P.2d 790 (1999) (court rejected a challenge to a jury instruction because the constitutionality of the instruction had been upheld in Young, 122 Wash.2d at 59, 857 P.2d 989).
¶ 8 In Young, after considering the same due process challenge that Wright is making, the court concluded "there are no substantive constitutional impediments to the sexually *947 violent predator scheme." Young, 122 Wash.2d at 26, 857 P.2d 989. As Wright's due process argument has already been considered and rejected by our Supreme Court, we reject it also.
¶9 Wright also raises an issue concerning a jury instruction on the Fifth Amendment privilege against self-incrimination. At trial, Wright showed a videotape of his deposition. During the deposition, he invoked the Fifth Amendment when questioned about uncharged sexual crimes. The court instructed the jury: "Mr. Wright asserted his Fifth Amendment privilege and refused to testify about certain aspects of his history and other matters. From this, you may draw an inference about what happened in those instances."[3] The court rejected Wright's request to have the second sentence read, "From this, you may, but need not, draw an adverse inference with respect to what happened in those instances."[4]
¶10 Wright acknowledges that in civil proceedings, the jury may draw an inference from a defendant's silence. He claims the court erred by refusing to instruct the jury that they "need not" draw an inference.
¶11 The number and specific language of jury instructions is a matter within the trial court's discretion. Havens v. C & D Plastics, 124 Wash.2d 158, 165, 876 P.2d 435 (1994). "Instructions are sufficient which permit a party to argue that party's theory of the case, are not misleading, and when read as a whole properly inform the trier of fact on the applicable law." Havens, 124 Wash.2d at 165, 876 P.2d 435. Given this standard, we cannot hold that the instruction as given by the court was error. Even though the variation requested by Wright would likely have also been acceptable, the instruction properly informed the jury of the applicable law. See Ikeda v. Curtis, 43 Wash.2d 449, 458, 261 P.2d 684 (1953). The instruction left both parties free to argue their respective theories of the case. The State could ask the jury to infer from Wright's invocation of the Fifth that he was guilty of the unreported crimes, and Wright could explain to the jury that it need not draw any inference at all from his invocation of the Fifth.
¶12 Wright initially assigned error to a decision made by the trial court during jury selection. At oral argument Wright withdrew that assignment of error, and consequently we have not addressed it.
¶13 Affirmed.
WE CONCUR: COX and COLEMAN, JJ.
NOTES
[1] Young's Personal Restraint Petition at 17, January 7, 1991.
[2] Young's Personal Restraint Petition at 22, January 7, 1991.
[3] Stipulation to Agreed Report of Proceedings, June 27, 2006
[4] Clerk's Papers at 156 (Respondent's Request for Alternate Instructions, April 20, 2005) (emphasis added).